UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA DOW,

    Plaintiff,

v.                                  Case No: 8:25-cv-2459-KKM-AAS

SUNRUN, INC. d/b/a
SUNRUN INSTALLATION
SERVICES, INC.,

    Defendant.
_____

## ORDER

Linda Dow moves to remand this action to state court and for an award of attorney's fees because SunRun, Inc., failed to demonstrate that the amount in controversy requirement is met. Mot. to Remand (MTR) (Doc. 5) at 1–3. Because Dow is correct, I remand the action to state court. I deny Dow's request for attorney's fees and costs because SunRun did not lack an objectively reasonable basis for seeking removal.

### I.   BACKGROUND

In October 2019, Dow entered into a twenty-five-year contract with SunRun for the installation and servicing of solar panels on her home. Am. Compl. (Doc. 1-4) ¶ 9. In September 2024, Dow learned of a leak in her roof and

sought to replace it at the estimated cost of $23,000. *Id.* ¶ 14. Unless Dow agreed to sign a new contract and pay SunRun more than $8,000, which is the estimated cost to remove the solar panels, SunRun refused to remove its solar panels to enable Dow to replace her roof. *Id.* ¶ 16; Molton Decl. (Doc. 9-2) ¶ 13. In response, Dow sought to cancel her contract with SunRun. *See id.* ¶ 21. When SunRun demanded that she buy out the contract for $35,000, Dow hired an attorney to engage with SunRun on her behalf. *Id.* ¶¶ 22–23. During this period of attempted negotiations, SunRun allegedly violated the Florida Consumer Collection Practices Act (FCCPA). *See id.* ¶¶ 29–53.

On August 1, 2025, Dow sued SunRun in state court. (Doc. 1-5). On August 18, 2025, Dow filed an amended complaint alleging three violations of the FCCPA. Am. Compl. ¶¶ 59–68. On September 12, 2025, SunRun removed this action based on purported diversity jurisdiction. Notice of Removal (Doc. 1) at 1. On September 16, 2025, Dow moved to remand and for an award of attorney's fees and costs under 28 U.S.C. § 1447(c). MTR at 1, 3–4. SunRun opposes remand. Resp. (Doc. 9).

## II. LEGAL STANDARD

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland*

2

*Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). The removing party must show, "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *See id.* "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Conclusory allegations or speculation that the amount in controversy is satisfied are insufficient to meet the defendant's burden. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007).

To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff, along with the removal attachments. *See Pretka*, 608 F.3d at 755 (explaining that "Defendants may introduce their own affidavits, declarations, or other documentation" to show that the amount in controversy exceeds $75,000). A court may draw reasonable deductions and inferences from these documents using "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). When injunctive relief is sought, the value of such relief "for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002.

3

### III. ANALYSIS

#### a. Amount in Controversy

Dow's amended complaint alleges that her damages exceed $50,000 and does not claim a specific amount. Am. Compl. ¶ 1. SunRun's notice of removal claims that Dow seeks $32,000 in damages and injunctive relief equivalent to $59,158.20. Notice of Removal (NOR) (Doc. 1) ¶¶ 19–22. If accurate, this would make the total amount in controversy approximately $91,158 before including statutory damages and attorney's fees and costs. But because SunRun has not met its burden to show by a preponderance of the evidence that the amount in controversy is met, I remand the action to state court.

Dow's amended complaint alleges three counts of FCCPA violations and seeks statutory damages of $1,000, actual damages, injunctive relief "preventing SunRun from attempting to collect the Alleged Debt from Ms. Dow pursuant to § 559.77(2), Fla. Stat.," and reasonable attorney's fees and costs pursuant to the FCCPA. *See* Am. Compl. ¶¶ 59–68 and Prayers for Relief. Dow's alleged actual damages are "emotional distress," lost time spent "procuring . . . legal counsel," "wasted time, annoyance, frustration, out-of-pocket expenses to mail a certified letter to SunRun, stress, anxiety, lack of sleep, hair loss from stress, and intrusion upon her right to peace and seclusion." *Id.* ¶¶ 55–56. SunRun argues that Dow's actual damages should reasonably be valued at $10,000 based on past cases in this District with

FCCPA claims. Resp. at 8–9. In my judicial experience, $10,000 is higher than is warranted based on the facts alleged. Regardless, even if I agreed with SunRun's argument, the amount in controversy is not met.

Both parties agree that Dow seeks an injunction preventing SunRun from collecting any outstanding amount that Dow might owe SunRun under the contract.[1] *See* NOR ¶ 20; MTR at 5–6. SunRun originally contended that this relief was worth $59,158.20—the total amount Dow would owe over the life of the contract. NOR ¶¶ 21–22. The parties now agree that this injunctive relief is worth the outstanding balance Dow would owe over the remainder of the contract term. MTR at 5–6; Resp. at 4. This amount is either approximately $48,550 or $49,735, depending on whether past-due payments are included. Resp. at 2.

Neither party provides any argument or evidence regarding what an appropriate amount of attorney's fees are for purposes of determining the amount in controversy. A charitable reading of the complaint results in the

---

[1] As written, the injunctive relief sought arguably does not accomplish what the parties think. Dow seeks "[i]njunctive relief preventing SunRun from attempting to collect" debt "pursuant to § 559.77(2), Fla. Stat." Am. Compl. Counts I and III Prayers for Relief. Section 559.77(2) allows for equitable relief "including enjoining the defendant from further violations of [the FCCPA]." Thus, a close reading of Dow's complaint would arguably find that she does not seek to enjoin SunRun from ever collecting any outstanding amount and instead seeks to enjoin SunRun from further violations of the FCCPA. Given the parties' consensus and the reality that the amount in controversy is not satisfied even under the parties' interpretation, I proceed with the assumption that the parties are correct.

amount in controversy equating to approximately $49,735 for the injunctive relief, $1,000 in statutory damages, and $10,000 for actual damages. This totals $60,735. In the absence of any argument or evidence regarding the amount of attorney's fees, I would have to engage in improper speculation as to the amount of fees. In keeping with the Eleventh Circuit's guidance, I decline to do so.[2] *See Lowery*, 483 F.3d at 1211 (disapproving "unabashed guesswork" and "speculation" at the amount-in-controversy stage).

In its notice of removal, SunRun contends that Dow seeks to recover the combined $31,000 estimated cost of removing the solar panels and replacing the roof that Dow referenced in the factual background of her amended complaint. *See* NOR ¶ 19; Am. Compl. ¶¶ 14–16; Molton Decl. ¶ 13. Dow does not. MTR at 5; *see generally* Am. Compl. SunRun asserts in response that the $8,000 cost to remove the solar panels is still in controversy because if Dow's injunctive relief is granted, SunRun believes it must either abandon its solar panels or incur the cost of removing them. Resp. at 3. Even if SunRun's assumption regarding the effect of granting Dow's injunctive relief is correct, this is a red herring. SunRun's contract with Dow requires that SunRun remove the solar panels at no cost to Dow at the end of the contractual term. *See* (Doc. 1-2) at 9. Nor does the contract obligate Dow to pay for the costs of

---

[2] In any event, it is unlikely that the attorney's fees, at this stage, could plausibly amount to the more than $14,000 required to meet the amount in controversy.

6

removal during the term. *See id.* at 15, 38. Whether SunRun removes the panels now or later, it has always had to pay the costs of removal.

SunRun advances new theories in its response to Dow's motion to remand. These theories rely on including in the amount in controversy operating costs for SunRun like the cost of removing the panels, and speculation as to potential injunctive relief, that Dow does not seek, that would require SunRun to forfeit its expensive solar panel system to Dow. *See* Resp. at 6–9. None are persuasive.

SunRun fails to establish the amount in controversy and remand is warranted.

### b. Attorney's Fees and Costs

Dow asks that I award her attorney's fees and costs incurred because of SunRun's removal. MTR at 7–8. When a court remands a case to state court, it may award attorney's fees, costs, and expenses incurred because of the removal. *See* 28 U.S.C. § 1447(c). "Absent unusual circumstances," however, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* This standard "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not

undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Although it was clear, in the light of the motion to remand and response, that SunRun could not establish the amount in controversy, it was not so evident from looking at Dow's amended complaint alone. Removing the action when the complaint requests unspecified actual damages, a broadly worded injunction regarding a contract that included a commitment to pay close to $60,000, statutory damages, and statutorily provided attorney's fees and costs was objectively reasonable. Indeed, Dow herself has indicated that the amount in controversy falls somewhere between $50,000 and $75,000. *See* (Doc. 1-6) at 3. SunRun had an objectively reasonable basis to think that a more accurate amount would be greater than $75,000 given the amended complaint's allegations and prayers for relief. I deny Dow's fee request.

### IV. CONCLUSION

SunRun failed to establish by a preponderance of the evidence that the amount in controversy is met. Despite this, SunRun did not lack an objectively reasonable basis for seeking removal. Accordingly, the following is **ORDERED:**

1. Dow's motion to remand (Doc. 5) is **GRANTED**.
2. Dow's request for attorney's fees and costs associated with the removal is **DENIED**.

3.     The Clerk is directed to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida, and to transmit a certified copy of this order to the clerk of that court.

4.     The Clerk is further directed to **TERMINATE** all pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 30, 2025.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge